**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANITA LITTLEJOHN,

       Plaintiff,

vs.                                        Case No. 3:06-cv-924-J-HTS

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.

_____

**OPINION AND ORDER**[1]

**I.  Status**

    Anita  L.  Littlejohn  is  appealing  the  Social  Security

Administration's  denial  of  her  claims  for  Disability  Insurance

Benefits  and  Supplemental  Security  Income.   Her  alleged  inability

to  work  is  based  on  constant  pain  in  one  of  her  legs.   Transcript

of  Administrative  Proceedings  (Tr.)  at  53.   Plaintiff  was  found  not

disabled  by  Administrative  Law  Judge  (ALJ)  Peter  C.  Edison  in  a

Decision  entered  on  August  15,  2005.   *Id.*  at  14,  20,  21  (Finding

_____

    [1]    The  parties  consented  to  the  exercise  of  jurisdiction  by  a  United
States  Magistrate  Judge.   Notice,  Consent,  and  Order  of  Reference  -  Exercise  of
Jurisdiction  by  a  United  States  Magistrate  Judge  (Doc.  #10).

13).  Ms. Littlejohn has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff indicates she is raising one issue.  She inquires as to "[w]hether the [ALJ's] finding that [her] 'back pain' was the only severe impairment she experienced is supported by substantial evidence[.]"  Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #7; Memorandum) at 1, 8 (emphasis omitted).

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'"  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Falge*, 150 F.3d at 1322 (quoting

---

[2]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

*Richardson v. Perales*, 402 U.S. 389 (1971)).  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

According to Claimant, the ALJ's determination as to disability, "as evidenced by his own Step Two findings, was made without consideration of [her] leg impairment."  Memorandum at 10-11.  She argues her leg condition "should have been found to be a severe impairment[.]"  *Id.* at 11.

"A severe impairment is one that is more than 'a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations.'"  *Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam) (quoting 20 C.F.R. § 416.924(c)).  "An impairment or combination of impairments is not severe if it does not significantly limit [the] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521(a), 416.921(a).

"At the second step . . . medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities."  Social Security Ruling 85-28.

- 3 -

The regulations provide:

>    (b)  *Basic Work Activities*.   When we talk about
> basic  work  activities,  we  mean  the  abilities  and
> aptitudes necessary to do most jobs.   Examples of these
> include-
>    (1)  Physical functions such as walking, standing,
> sitting, lifting, pushing, pulling, reaching, carrying,
> or handling;
>    (2)  Capacities for seeing, hearing, and speaking;
>    (3)  Understanding,  carrying  out,  and  remembering
> simple instructions;
>    (4)  Use of judgment;
>    (5)  Responding  appropriately  to  supervision,  co-
> workers and usual work situations; and
>    (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b), 416.921(b).

The step two burden of proof is a threshold inquiry described as minimal.  *See, e.g.*, *Bridges v. Bowen,* 815 F.2d 622 (11th Cir. 1987) (per curiam); *Brady v. Heckler,* 724 F.2d 914 (11th Cir. 1984) (per curiam).  The claimant's burden at this stage has been defined as follows:  "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Bridges,* 815 F.2d at 625 (quoting *Brady*, 724 F.2d at 920) (alteration in original); *see also Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1210 (M.D. Ala. 2002).

Here, the judge found "[t]he medical evidence indicates that the claimant has back pain, an impairment that is 'severe' within the meaning of the Regulations[.]"  Tr. at 17; *see also id.* at 21

- 4 -

(Finding 3).   The ALJ then proceeded to step three of the sequential analysis.

At step two an individual must merely "prove that []he has a severe impairment or combination of impairments." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).   This "is all that is required at step two." *Council v. Comm'r of Soc. Security*, 127 F. App'x 473, No. 04-13128, slip op. at 4 (11th Cir. 2004) (Table) (per curiam).   Since the ALJ proceeded to step three of the sequential analysis, he will not be faulted for omitting certain conditions at the second step.

However, Ms. Littlejohn's appeal cannot be dispensed with so quickly.   Aside from asserting error at step two, she argues the judge "only evaluated the impact of . . . back pain upon her functioning at the remaining steps of the sequential evaluation process." Memorandum at 8.   She contends her "leg impairment, and the resulting limitations, is clearly separate and distinct from" her back pain, and its impact upon her residual functional capacity (RFC) should have been addressed.   *Id.* at 11.

An individual's impairments, including any related symptoms, such as pain, "may [result in] physical and mental limitations that affect what [one] can do in a work setting."   20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).   RFC is defined in the regulations as what an individual "can still do despite [his or her] limitations." *Id.*   It can include descriptions of limitations

- 5 -

apart from those observed in the diagnosis and treatment of a medical condition. *See id.* §§ 404.1545(a)(3), 416.945(a)(3). Thus, "observations of [a claimant's] limitations from [his or her] impairments . . . provided by [the claimant, his or her] family, neighbors, friends, or other persons" will be considered. *Id.* This assessment is not to be equated with the ultimate decision on disability, but is merely an interim evaluation considered along with other factors in making the disability decision. *See id.* §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). An individual's limitations may be exertional, nonexertional, or both. *Id.* §§ 404.1569a(a), 416.969a(a).

The regulations provide that decisions regarding an individual's RFC are made solely by the Commissioner. *See id.* §§ 404.1546, 416.946. According to SSR 96-8p, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"

The ALJ determined "the claimant retains the residual functional capacity to perform light work. She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 6 hours and sit 6 hours in an 8-hour workday." Tr. at 19. His summary of the medical evidence acknowledged various complaints, symptoms, and diagnoses concerning Plaintiff's right leg. *See id.* at 16-17. The judge recognized "[t]he claiamnt

stated that she had suffered pain since December of 2003 radiating from the abdomen down the right leg into her toes." *Id.* at 17; *see also id.* at 18 ("Ms. Littlejohn testified that she had constant pain in the low back and whole right side[,]" and "had fallen in the past because her leg gave out."). Still, he found her "pain disorder . . . [a] non-severe impairment[]" and noted she had told Dr. Lauren Lucas "the only medication she was taking was Darvocet for pain." *Id.* at 17. Additionally, the ALJ asserted Claimant's "daily activities . . . are not totally limited and are consistent with her residual functional capacity." *Id.* at 18. He continued his analysis as follows.

> [It is noted] that the claimant has received treatment for her allegedly disabling impairment; however, that treatment has been essentially routine and/or conservative in nature. Furthermore, treatment records, x-rays, and MRIs only show mild limitations. X-rays of the hip/pelvis in January of 2003 revealed no abnormalities. . . . Examination in July of 2003 revealed . . . . [t]he lower extremities were normal in shape with pain; however, there was no loss of motion in the right hip or knee. X-ray of the right hip was negative. During examination in July of 2003, Dr. Daniel noted that an MRI showed an osteophyte at the superior aspect of the L5 vertebral body on the right, which appeared to cause some distortion of the epidural sac and the exiting nerve root on the right. Otherwise, the MRI was normal. Examination in August 2003 was essentially normal. Examination in May of 2004 was positive for . . . mild to moderate tenderness in the lumbosacral area with palpation. . . . Examination in September of 2004 revealed . . . straight leg raising was negative bilaterally. The claimant has been prescribed and takes medications for her alleged impairments; however, they have been relatively effective in controlling the claimant's symptoms. . . . [T]he description of symptoms and limitations, which the claimant has provided throughout the record, has been inconsistent and

unpersuasive. Another factor influencing the conclusions
reached in this decision is the claimant's generally
unpersuasive appearance and demeanor while testifying at
the hearing.   Furthermore, the claimant betrayed no
evidence of pain or discomfort while testifying at the
hearing.  While the hearing was short-lived and cannot be
considered a conclusive indicator of the claimant's
overall level of pain on a day-to-day basis, the apparent
lack of discomfort during the hearing is given some
slight weight in reaching the conclusion regarding the
credibility of the claimant's allegations and the
claimant's residual functional capacity. The undersigned
also notes that the record does not contain any opinions
from treating or examining physicians indicating that the
claimant is disabled or even has limitations greater than
those determined in this decision.   Furthermore, the
residual functional capacity conclusions reached by the
physicians employed by the State Disability Determination
Services also supported a finding of 'not disabled.'

*Id.* at 18-19 (citations to record omitted).

Clearly, the judge did not simply "ignore[ Plaintiff's] lower extremity impairment[.]"  Memorandum at 1.  He considered the possibility that her reported leg difficulties interfered with her ability to perform work activities.

Against the judge's rejection of her allegations of significant leg-related restrictions, Claimant maintains "physicians and objective testing have recognized that [she] suffers from a lower extremity impairment." *Id.* at 10.  To wit, it is urged "Dr. Tran diagnosed pain in her right hip and knee (T. 92) and neurological testing conducted by the doctors at Shands Hospital revealed that she was experiencing lumbosacral radicular disease, specifically a right L5 radiculopathy (T. 103; 153)." *Id.* (footnote omitted).   Finally, she draws attention to "Dr.

- 8 -

Marranzini, a State Agency non-examining physician, [who] opined that [she] was limited in her ability to push and/or pull with her lower extremities (T. 144)." *Id.*

The diagnosis of pain by Dr. Hung V. Tran was explicitly mentioned by the judge. *See* Tr. at 18 ("Examination in July of 2003 revealed . . . [t]he lower extremities were normal in shape with pain[.]").  And, as alluded to in the Decision, the doctor's report does not disclose functional limitations associated with the alleged pain.  Even Ms. Littlejohn's gait was desribed as normal. *Id.* at 92.  The neurological testing cited by Plaintiff proceeded from a suspicion "that there was a good possibility of bilateral lumbosacral radicular disease[,]" *id.* at 103, and culminated in a diagnosis of "[r]ight L5 radiculopathy." *Id.* at 152.  Again, though, except perhaps by noting "a right limp" when walking, *id.*, the documentation fails to describe work-related functional restrictions associated with the diagnosis.  A "mere diagnosis . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam); *see also Scull v. Apfel*, 221 F.3d 1352, No. 99-7106, 2000 WL 1028250, at *1 (10th Cir. 2000) (Table) ("[D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition[.]").

Lastly, the RFC assessment from Daria F. Marranzini, M.D., a nonexamining pediatric physician, is referenced for its indication

- 9 -

pushing and/or pulling activities were limited to an occasional basis in the left lower extremity, apparently due to reports of a limp. *See* Tr. at 144. According to the Commissioner, "the consultant's opinion that Plaintiff was limited to occasional pushing and/or pulling with her left lower extremity does not conflict with the ALJ's finding that Plaintiff could perform light work." Memorandum in Support of the Commissioner's Decision (Doc. #11) at 12. He explains "[a]n individual can perform the full range of light work if she can perform some pushing and pulling with arm or leg controls[.]" *Id.*

Defendant is arguably correct. The governing regulations define light work as involving "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also Brosnahan v. Barnhart*, 336 F.3d 671, 675 (8th Cir. 2003). An ability to perform occasional pushing/pulling may be sufficient to meet the requirement of "some pushing and pulling[.]" 20 C.F.R. §§ 404.1567(b), 416.967(b). Thus, assuming the reviewing doctor's opinion must be accepted as to pushing/pulling with the lower extremity, it may be compatible with the RFC ascribed.

Moreover, even if the restriction at issue conflicts with a full range of light work, reliance on the grids was not precluded. At worst, Plaintiff's RFC would need to be categorized as sedentary. *See, e.g.,* SSR 96-9p ("Limitations or restrictions on

- 10 -

the ability to push or pull will generally have little effect on the unskilled sedentary occupational base."); *McMillian v. Apfel*, No. CIV.A.99-0093PS, 2000 WL 360256, at *6 (S.D. Ala. Mar. 29, 2000). A finding of "not disabled" is directed by the grids for a younger individual with a limited education[3] and an RFC for sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 Rules 201.18-201.20. Since requiring the ALJ both to adopt the nonexamining physician's opinion and view it as restricting Claimant to sedentary work would not change the result in this case, it is apparent that remanding for such action would be a pointless, wasteful exercise.

### IV.  Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of November, 2007.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

---

[3]    These findings by the ALJ, *see* Tr. at 20, are not challenged by Plaintiff.

- 11 -

Copies to:

Counsel of record
    and pro se parties, if any